UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

STEPHEN HATCH

C.A. NO. 05-155(S)

v.

PITNEY BOWES, INC.

## AFFIDAVIT OF NOELLE K. CLAPHAM

I, Noelle K. Clapham, hereby declare under penalty of perjury that I had the following communications with corporate counsel for Defendant Pitney Bowes, Rosalind Gordon:

1. I personally telephoned Barbara Bianco on August 13, 2003, for the purpose of discussing the content of her letter dated August 7, 2003 addressed to Plaintiff Stephen Hatch.

2. Ms. Bianco did not answer her telephone extension, and I left a polite telephone message asking Ms. Bianco to call to discuss her letter. This message was left on Ms. Bianco's personal voice mail extension which was listed in the Bianco overpayment letter. The overpayment letter specifically invited Plaintiff Hatch to contact Ms. Bianco to discuss the content of the letter. The Bianco overpayment letter specifically states on page 3: "Stephen, I know that you will have many questions and concerns when you receive this letter. Please feel free to call me at 1-800-932-3631, option2, option 4, ext. 7190."

3. I never received any return telephone call or other written communication from Ms. Bianco in response to my August 13, 2003 telephone message.

4. The personal secretary for Pitney Bowes, Inc. corporate counsel, Rosalind Gordon, later telephoned me and directed me not to place any additional calls to Ms. Bianco and advised me that she had been instructed by Attorney Gordon to set up a telephone conference. Accordingly a telephone conference was scheduled for September 3, 2003 at 5:00 p.m.

5. Although I was out on maternity leave at the time, I traveled to my office to receive the conference call at the appointed date and time. No such call came. After waiting for a reasonable amount of time, I called the telephone number given to me by Ms. Gordon's secretary and no one answered the telephone. I left a telephone message. When no call came after again waiting a reasonable amount of time, I left my office.

6. Several days later I spoke with Attorney Gordon's secretary and was told that the missed conference was an unfortunate oversight and the call was simply forgotten at the end of the workday.

7. When I eventually did speak with Attorney Gordon, she reiterated her secretary's instruction to me that I was not to contact Barbara Bianco again, and that I was to direct all of

my communications with respect to Ms. Bianco's overpayment letter to Attorney Gordon. Attorney Gordon then discussed the content of the letter and assured me that she would make some calls and be in touch.

8. After several more weeks, I again eventually spoke with Attorney Gordon who advised me that the decision articulated in Ms. Bianco's overpayment letter would not be changed under any circumstances. I then specifically asked Attorney Gordon about the availability of internal appeals. Attorney Gordon advised me that there were no internal appeals available in this instance, and that Stephen Hatch's only recourse would be to file a lawsuit in had to the right to recoup, resign himself to the substantially lower benefit rate and foreclose his legal remedies.

9. Attorney Gordon and I then discussed the filing a federal court ERISA action and the fact that I was on maternity leave. I eventually told Attorney Gordon that I would be asking Plaintiff Hatch to find other counsel to pursue his lawsuit, or if he was unable to do so, then I would handle the litigation upon my return from maternity leave.

10. I did not call Attorney Gordon again, as it was clear from my final conversation with her that the Defendant had made a firm decision on the matter. I never heard from Attorney Gordon or her personal secretary again.

11. Upon my return from maternity leave Stephen Hatch had not secured other counsel and I co-filed a Charge of Discrimination on his behalf against Defendant Pitney Bowes, Inc. with the Rhode Island Commission for Human Rights and the United States Equal Employment Opportunity Commission. After receiving a Right to Sue from these agencies I filed the within Complaint on behalf of Stephen Hatch commencing this action.

**VERIFICATION**

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on this 8th day of August, 2005.

N. K. Clapham

Noelle K. Clapham