**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **STEPHEN HATCH,** | : | |
| **Plaintiff** | : | |
| | : | |
| **-v-** | : | **C.A. NO. 2005-155 (S)** |
| | : | |
| **PITNEY BOWES INC.** | : | |
| **Defendant** | : | |

# DEFENDANT PITNEY BOWES INC.'S REPLY TO PLAINTIFF'S OBJECTION TO DEFENDANT'S RULE 12(b)(6) MOTION TO DISMISS

**Thomas J. McAndrew, Esq. (#1001)**
**One Turks Head Place, Suite 205**
**Providence, RI 02903**
**(401) 455-0350**
**(401) 455-0882 (FAX)**

## I. ISSUES REMAINING FOR THE COURT'S DETERMINATION

In opposing Pitney Bowes Inc.'s ("Pitney Bowes" or the "Company") motion to dismiss, Plaintiff acknowledges the need to replead his fiduciary duty claims with more specificity. Plaintiff's Memorandum in Support of Objection to Defendant's Motion ("Plaintiff's Mem.") at p. 2. In addition, Plaintiff agrees to withdraw his breach of contract claim relating to the Pitney Bowes Inc. Long-Term Disability Plan (the "Plan"). *Id.* Similarly, the Company agrees to withdraw that portion of its motion predicated on Plaintiff's failure to exhaust his administrative remedies.[1]

Given the parties' deviation from their original positions, only the following issues remain for the Court's consideration: 1) Does ERISA preempt Plaintiff's claim alleging breach of the settlement agreement (Count II)? 2) Does Plaintiff's equitable estoppel claim (Count III) inappropriately seek relief available under ERISA Section 502(a)(1)(B)? 3) Can Plaintiff assert a claim under the Americans with Disabilities Act (the "ADA") based on a benefit entitlement determination alone (Count IV)? 4) Does ERISA preempt Plaintiff's state law employment discrimination claims (Counts V and VI)? 5) Can Plaintiff obtain Plan benefits through a judgment against the Company (Counts IX )?

## II. THE COURT SHOULD REJECT PLAINTIFF'S ATTEMPT TO CONVERT THE COMPANY'S MOTION TO AN EVIDENTIARY MOTION

Contrary to Plaintiff's claims, Pitney Bowes based its motion to dismiss solely on the Complaint and documents referenced in it. *See* Memorandum in Support of Motion to Dismiss at notes 1 and 3. First Circuit precedent permits consideration of documents integral to a complaint's allegations on a motion to dismiss without transforming that motion to one for summary judgment. *Clorox Co. P.R. v. Proctor & Gamble Commercial Co.*, 228 F.3d 24, 32 (1st Cir. 2000) (in ruling on a motion to dismiss, a court "may properly consider the relevant entirety of a document integral to or explicitly relied upon in the complaint"); *Beddall v. State St. Bank &*

1 While the Company's counsel does not recall the specifics of the telephone conversation discussed in the affidavit submitted by Plaintiff's counsel in support of Plaintiff's objection, for purposes of this motion, the Company presumes the truth of the averred statements.

*Trust Co.*, 137 F.3d 12, 16-17 (1st Cir. 1998) (finding that a trust agreement discussed in a complaint was "effectively merge[d] into the pleadings" for purposes of a motion to dismiss).

The First Circuit does not favor allowance of a motion for summary judgment which "follows hard on the heels of the complaint or answer." *Whiting v. Maiolini,* 921 F.2d 5, 6, (1st Cir. 1990), *citing Condon v. Local 1944, United Steelworkers of America*, 683 F.2d 590, 593-94 (1st Cir. 1982). "When discovery has barely begun and the [party not seeking summary judgment] has had no opportunity to obtain and submit additional evidentiary materials to counter the [opposing party's] affidavits, conversion of a Rule 12 motion into a Rule 56 motion is inappropriate." *Whiting*, 921 F.2d at 7. In *Whiting*, the First Circuit reviewed the propriety of a district court's conversion of a Rule 12 motion into a Rule 56 motion for summary judgment. Noting the early stage of the proceedings, the Court held that the plaintiff "was not afforded a meaningful opportunity to respond to the treatment of defendants' motion as one for summary judgment." *Id.* at 6-7.

Like the circumstances in *Whiting*, Plaintiff's attempted conversion of Pitney Bowes' Rule 12(b)(6) motion "follows hard on the heels of the complaint...." Pitney Bowes has not answered Plaintiff's Complaint, nor have the parties conducted any discovery. The Company has not had an opportunity to obtain evidentiary materials to counter Plaintiff's submissions outside of the pleadings. The Company therefore requests the Court disregard Plaintiff's evidentiary submissions and review the Company's motion as a motion to dismiss.

## III. THE COURT SHOULD DISMISS THE CLAIMS PREEMPTED BY ERISA

### A. Because the Alleged Breach of the Settlement Agreement Is So Interconnected with the Plan, ERISA Preempts Count II

Count II alleges that the Company's recalculation of Plaintiff's benefits under the Plan breached the party's settlement agreement. Complaint ¶ 35. While Plaintiff's Opposition addresses preemption in the context of his estoppel and discrimination claims, it makes no effort to support his conclusory assertion that ERISA does not preempt Count II. *See* Plaintiff's Mem. at 17-20. Plaintiff only underscores the preemption of this claim in asserting that the "*raison*

*d'etre* of the ERISA pre-emption rule is to provide uniformity of administration of employee benefit plans." *Id.* at 17. Because the recalculation of Plaintiff's Plan benefits provides the only basis for Count II, the Court should dismiss it. *Hampers v. W.R. Grace & Co., Inc.*, 202 F.3d 44, 54 (1st Cir. 2000) (holding that ERISA preempts a contract claim that essentially restates an ERISA claim); *Massey v. Stanley-Bostitch, Inc.*, 255 F. Supp. 2d 7, 13 (D.R.I. 2003) (dismissing claim for breach of contract is "based on Defendants' alleged miscalculation of [the plaintiff's] benefits under that plan").

**B. ERISA Preempts Plaintiff's State Law Employment Claims**

Plaintiff argues that ERISA does not preempt his state law discrimination claims because Rhode Island's anti-discrimination laws have similar purposes to Title VII. ERISA's expansive preemption provision provides no exception for "federal-like" claims. *See* ERISA Section 514, 29 U.S.C. § 1054; *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 66 (1987). Plaintiff bases Counts V and VI on alleged deprivation of benefits under the Plan. Complaint ¶¶ 49, 54, 59. ERISA preempts such claims. *Ingersoll-Rand Co. v. McClendon*, 498 U.S. 133, 139 (1990) (employer's benefit-related conduct falls within ERISA's civil enforcement provisions). Indeed, Plaintiff's own authority, *Tompkins v. United Healthcare of New England, Inc.*, 203 F. 3d 90, 94 (1st Cir. 2001), held that ERISA preempts a discrimination claim arising out of an alleged failure to provide benefits. Because Counts V and VI are founded entirely on the alleged deprivation of benefits under an ERISA-governed plan, ERISA preempts them.

**C. ERISA Preempts Plaintiff's Estoppel Claim**

Plaintiff's memorandum acknowledges ERISA preemption of his state common law claim of estoppel. *See* Plaintiff's Mem. at 17 (arguing Congress intended that federal courts fashion federal common law under which estoppel claims may be brought).[2] Nevertheless, Plaintiff ignores Defendant's argument that equitable estoppel is not appropriate where, like here,

[2] Plaintiff's reliance on *Law v. Ernst & Young*, 956 F.2d 364 (1st Cir. 1992), fails to support his position. *Law* did not hold that plaintiff had a cause of action for equitable estoppel, whether under state or federal common law. *Id.* at 367-372.

a claim amounts to nothing more than a restatement of a claim for benefits under a plan. *See* Plaintiff's Mem. at 17-19. The Third Count asks the Court to stop the "Company's" recoupment of overpaid benefits. Complaint ¶ 46. This relief is available to Plaintiff through the assertion of a claim for benefits under ERISA Section 502 (a)(1)(B) against the Plan or its fiduciary. *Terry v. Bayer Corp.*, 145 F.3d 28, 35 (1st Cir. 1998). Because ERISA provides an explicit statutory mechanism for Plaintiff to obtain the benefits allegedly due, the claim for equitable estoppel is not appropriate and should be dismissed. *See Massey*, 255 F. Supp. 2d at 14 (dismissing plaintiff's promissory estoppel claim where plaintiff simultaneously brought a claim for benefits under ERISA Section 502(a)(1)(B)).

## IV. PLAINTIFF DEFECTIVELY PLED THE REMAINING CLAIMS

### A. Alleged Benefit Deprivation Does Not State an ADA Claim

Plaintiff's Opposition fails to even address the deficiencies of his claim under the ADA. *See Pomerleau v. West Springfield Public Schools*, 362 F.3d 143, 145 (D. Mass 2004) (holding "it is within the district court's discretion to dismiss an action based on a party's unexcused failure to respond"). Plaintiff previously dismissed all claims for retaliation and discrimination arising out of his employment. Complaint ¶ 19. The only new act of discrimination alleged is the recalculation of his benefit entitlement. Complaint ¶¶ 48-51. As a matter of law, a failure to provide benefits can not, in and of itself, state a *prima facie* case under the ADA. *Tompkins*, 203 F. 3d at 94 (dismissing an ADA claim based only on benefit denial); *see also Swanson v. U.A. Local 13 Pension Plan*, 779 F. Supp. 690, 702 (W.D.N.Y.1991) (false statements regarding ERISA plan benefits are not sufficient to raise a triable issue of discrimination). Because Plaintiff fails to allege the existence of any evidence of discriminatory animus other than the recalculation of his benefit entitlement, the Court should dismiss his ADA claim as a matter of law.

### B. Plaintiff Has Failed to Explain How the Court Can Issue Injunctive Relief Against the Company for Payment of LTD Benefits Not in Its Possession

Count IX asks the Court to enjoin the Company from recouping further benefits from

Plaintiff's benefit award. Complaint ¶ 72. Plaintiff fails to rebut the Company's opening argument that the it does not manage the Plan's trust, which pays the benefits Plaintiff seeks. Plan at Articles VI and VII. With a broad brush, Plaintiff instead asserts that, by assuming the day-to-day administration of the Plan, the Disability Department became a *de facto* fiduciary with control over Plan assets. Plaintiff's Mem. at 10-11, *citing to Law v. Ernst & Young*, 956 F.2d 364 (1st Cir. 1992). In *Law*, the court held that because a plan sponsor regularly distributed plan documents to plan participants, it served as a plan administrator for the limited context of the provision of plan documents to participants. *Law,* 956 F.2d at 370 n. 9. Finding insufficient allegations to demonstrate ambiguity in the plan, or how the plan terms supported plaintiff's interpretation of it, the First Circuit overruled the district court's finding that the plaintiff could assert an estoppel theory against the plan sponsor. *Law,* 956 F.2d at 371-72.

As in *Law,* the Complaint and the facts fail to support the broad scope of fiduciary status advocated by Plaintiff. The Complaint alleges only that the Disability Department conveyed the benefit calculation mistake to Plaintiff, not that the Company controls the Plan's assets. Assumption of routine, day-to-day administration with respect to the Plan does not make the Company or the Disability Department a fiduciary. 29 C.F.R. § 2509.75-8 (performance of ministerial administrative functions does not render an entity a fiduciary under ERISA). Because Pitney Bowes does not pay benefits under the Plan, Count IX should be dismissed.

Dated: August 22, 2005

By: Thomas J. McAndrew

Thomas J. McAndrew /661
Thomas J. McAndrew & Associates
One Turks Head Place, Suite 205
Providence, RI 02903
Tel: (410) 455-0350

Nicole A. Diller (*admitted pro hac vice*)
Andrew C. Sullivan (*admitted pro hac vice*)
Morgan, Lewis & Bockius LLP
One Market, Spear Street Tower
San Francisco, CA 94105
Tel: (415) 442-1000
Attorneys for Defendant Pitney Bowes Inc.

**CERTIFICATE OF SERVICE**

I hereby certify that on the 22nd day of August, 2005, I caused the foregoing

**DEFENDANT PITNEY BOWES INC.'S REPLY TO PLAINTIFF'S OBJECTION TO DEFENDANT'S RULE 12(b)(6) MOTION TO DISMISS**

to be mailed to:

Noelle K. Clapham
Attorney at Law
24 Salt Pond Road, Suite A-8
South Kingstown, RI 02879

Robin A. Poirier

1-SF/7272014.1