UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| **STEPHEN HATCH,** Plaintiff | : | |
| -v- | : | **C.A. NO. 2005-155 (S)** |
| **PITNEY BOWES INC.** Defendant | : | |

**DEFENDANT PITNEY BOWES INC.'S REPLY TO PLAINTIFF'S OBJECTION TO JUDGE DAVID L. MARTIN'S REPORT AND RECOMMENDATION**

**Thomas J. McAndrew, Esq. (#1001)**
**Thomas J. McAndrew & Associates**
**One Turks Head Place, Suite 205**
**Providence, RI 02903**
**Tel: (401) 455-0350**
**Fax: (401) 455-0882**

**Nicole A. Diller, Esq.** ***(admitted pro hac vice)***
**Andrew C. Sullivan, Esq.** ***(admitted pro hac vice)***
**Morgan, Lewis & Bockius LLP**
**One Market, Spear Street Tower**
**San Francisco, CA 94105**
**Tel: (415) 442-1000**
**Fax: (415) 442-1001**

Defendant Pitney Bowes Inc. ("Pitney Bowes" or the "Company") submits the following reply to Plaintiff Stephen Hatch's objection to Judge David L. Martin's December 1, 2005 Report and Recommendation (the "Report"). Plaintiff limited his objection to Section III.A of the Report, but also alleged that Judge Martin incorrectly applied the legal standard under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See* Report at 6-18. For the reasons discussed below, Pitney Bowes respectfully requests that the Court uphold Section III.A of the Report.

## I. JUDGE MARTIN APPLIED THE CORRECT LEGAL STANDARD UNDER RULE 12(B)(6)

In contending that Judge Martin applied the wrong legal standard, Plaintiff argues that the Court improperly considered information contained in the Affidavit of Barbara Bianco Re Defendant Pitney Bowes Inc.'s Motion to Dismiss Plaintiff's Complaint (the "Bianco Affidavit"). The Bianco Affidavit, however, provides only the requisite foundational statements necessary for Ms. Bianco to authenticate the attached Pitney Bowes Inc. Long-Term Disability Plan (the "Plan") and August 7, 2003 letter informing Plaintiff of the overpayment. *See* Bianco Affidavit. Because the Complaint directly referred to these documents, Complaint at ¶¶ 5, 16, 27, 49, 54, 59 and 70, Judge Martin properly considered them in reviewing Pitney Bowes' motion to dismiss. *See Clorox Co. P.R. v. Proctor & Gamble Commercial Co.*, 228 F.3d 24, 32 (1st Cir. 2000) (holding that, in ruling on a motion to dismiss, a court "may properly consider the relevant entirety of a document integral to or explicitly relied upon in the complaint"); *Beddall v. State St. Bank & Trust Co.*, 137 F.3d 12, 16-17 (1st Cir. 1998) (finding that a trust agreement discussed at length in a complaint was "effectively merge[d] into the pleadings" for purposes of deciding a motion to dismiss).

Indeed, Plaintiff does not even dispute that these documents were properly submitted for the Court's review. Plaintiff's Objection to Report and Recommendation of Magistrate Judge to Dismiss Certain Counts of Complaint ("Pltf's Objection") at 3. Because all references to the Bianco Affidavit, including page 8 of the Report, refer only to its attached exhibits, the Report relies only on the Plaintiff's Complaint and the documents integral to it. As Plaintiff admits that

such reference conforms to Rule 12 standards, Pltf's Objection at 4, his assertion that Judge Martin should not have considered the authentication of these documents is an objection without moment.

## II. PITNEY BOWES IS NOT THE PROPER DEFENDANT UNDER ERISA SECTION 502(a)

As an initial matter, Defendant admits that Plaintiff may assert a claim for benefits against the Plan and the Employee Benefits Committee (the "Committee"), as the Plan Administrator.[1] In his Amended Complaint, Plaintiff adds the Plan and the Committee. Therefore, despite Plaintiff's resolve to improperly maintain Pitney Bowes as a tag-along defendant, he asserted claims under ERISA Sections 502(a)(1)(B) and 502(a)(3), 29 U.S.C. §§ 1132(a)(1)(B) and (a)(3), against the appropriate Defendants in his Amended Complaint. Pitney Bowes requests that the Court dismiss it as a defendant from Counts I and VIII of the Complaint (Counts I and II of the Amended Complaint) in accordance with established ERISA jurisprudence and because Plaintiff's Amended Complaint permits the Court to properly issue any judgment against the Plan or Committee, rendering the inclusion of Pitney Bowes manifestly unnecessary.

The First Circuit has held that, with narrow exceptions not relevant here, a participant cannot sue non-fiduciaries for a breach of fiduciary duty under ERISA Section 502(a). *See Harris Trust & Savings Bank v. Salomon Smith Barney Inc.*, 530 U.S. 238, 241 (2000) (recognizing that non-fiduciaries may only be sued for knowingly engaging in an "act or practice" proscribed by ERISA Section 406(a)(1), ERISA's prohibited transaction provision); *Reich v. Rowe*, 20 F.3d 25, 29 (1st Cir. 1994) (same); *see also Mertens v. Hewitt Assocs.*, 508 U.S. 248, 262-63 (1993) (discussing parties against whom ERISA claims can be brought). In addition, under governing First Circuit precedent, a plaintiff may assert a claim for benefits only against the party that controls the administration of the plan. *Terry v. Bayer Corp.*, 145 F.3d 28, 36 (1st Cir. 1998).

---

1 The initial capitalization of a word indicates its usage as defined in the Plan.

As a threshold matter, Pitney Bowes' position as Plaintiff's employer is insufficient to trigger fiduciary status under ERISA. *Hughes Aircraft Co. v. Jacobson*, 525 U.S. 432, 444 (1999) (finding "ERISA's fiduciary duty requirement simply is not implicated where Hughes, acting as the Plan's settlor, makes a decision regarding the form or structure of the Plan"); *Lockheed Corp. v. Spink*, 517 U.S. 882, 890 (1996) (finding "plan sponsors who alter the terms of a plan do not fall into the category of fiduciaries.... [O]nly when fulfilling certain defined functions, including the exercise of discretionary authority or control over plan management or administration, does a person become a fiduciary under [ERISA] § 3(21)(A)").

The determination of fiduciary status under ERISA turns on the conduct of the entity. *See* ERISA § 3(21), 29 U.S.C. § 1002(21) ("...a person is a fiduciary with respect to a plan to the extent (i) he *exercises* any discretionary authority or discretionary control respecting management of such plan or *exercises* any authority or control respecting management or disposition of its assets, (ii) he *renders* investment advice for a fee or other compensation..., or (iii) he has any *discretionary authority or discretionary responsibility* in the administration of such plan") (emphasis added); Dept. of Labor, Interpretive Bulletin 75-8, 29 C.F.R. § 2509.75-8, D-2 (2002) (a person who performs purely ministerial functions is not a fiduciary because such person does not exercise discretion respecting the management of the plan or its assets).

Count VIII alleged that Pitney Bowes is the fiduciary of the Plan and stands in a fiduciary duty to Plaintiff, Complaint ¶¶ 5, 67, and that Defendant breached this duty by wrongfully calculating and/or wrongfully failing to pay Plaintiff his disability benefits. Complaint ¶ 68. In direct contradiction of the allegations, the Plan specifically names the Committee as the "Plan Administrator." Bianco Affidavit, Ex. A (the Plan) at 7.6.[2] The Plan gives the Committee discretionary control over the management and administration of the Plan and also gives the Committee the exclusive power to interpret and construe its terms and provisions. Plan at 7.1, 7.5, 7.6. The Plan also authorizes the Committee to delegate to the Pitney Bowes Disability Department (the "Disability Department") the authority to adopt administrative rules and

2 Further references to Exhibit A, attached to the Bianco Affidavit, will cite directly to the Plan.

procedures concerning the Plan, and the Committee delegated the ongoing, day-to-day administrative responsibility under the Plan to the Disability Department. Plan at 7.1, 7.2. Nevertheless, the Plan does not provide the Disability Department discretion when performing its administrative responsibilities. Plan at 7.6.

Despite the clear language of the Plan, Plaintiff argues that Pitney Bowes "was acting as the decision-maker in this matter." Pltf's Objection at 10. That assertion, however, ignores certain plan provisions mandating the Disability Department's conduct, which means performance of that conduct is non-discretionary. Specifically, the Disability Department, pursuant to the Committee's delegation that it perform the ongoing, day-to-day administrative duties under the Plan, complied with the Plan's affirmative duty that it recover the overpayment of benefits and deduct the amount of such overpayments from subsequent benefit payments. Plan at 7.1, 7.6, 9.9. In addition, the August 7, 2003 letter does nothing more than implement, without discretion, the terms of the Plan. Bianco Affidavit, Ex. B.

Nevertheless, because the August 7, 2003 letter appeared on Company stationary and did not specifically identify the Disability Department, Plaintiff argues the Committee - as specifically designated in the Plan – is a "sham," overriding the terms of the Plan to compel a finding that Pitney Bowes acted as the Plan Administrator. However, as Judge Martin aptly stated, "neither the Plan nor the [August 7, 2003] letter supports the inference that Pitney Bowes exercised control over or influenced the administration of the Plan or the decision to cease paying benefits and recoup the alleged overpayment. To the contrary, they more likely support the inference that Pitney Bowes did not control the administration of the Plan and was not involved in the decision to cease paying benefits." Report at 13, *citing Beegan v. Associated Press*, 43 F. Supp. 2d 70, 74 (D. Me. 1999) (reaching the same conclusion regarding allegations against the employer in that case).[3]

3 In apparent recognition that Plaintiff's argument that neither the Plan nor the August 7, 2003 letter support his position, Plaintiff suggests that the Court deny Defendant's motion to dismiss to provide Plaintiff additional opportunities to collect evidence to support his position that Pitney Bowes was a *de facto* plan administrator. As a practical matter, however, that exercise in discovery will not impact Plaintiff's opportunity to present his case as to the appropriateness of his benefit calculation.

Applying the relevant Plan provisions to Plaintiff's circumstances does not require the exercise of discretion. *See* Report at 12 -13; *see also* Plan at 2.3 (stating what constitutes "Annual Earnings"), 2.33 (defining "Totally Disabled"), 5.10 (defining "Recurrent Disability"). In fact, the Disability Department's failure to recover the overpayment of benefits would violate the terms of the Plan, which make collection of the overpayment mandatory. Plan at 9.9. The Disability Department's non-discretionary compliance with Plan terms, including its recoupment of benefit overpayments, does not rise beyond the level of a ministerial act. *See* Dept. of Labor, Interpretive Bulletin 75-8, 29 C.F.R. § 2509.75-8, D-2 (2002) (listing "[c]alculation of services and compensation credits for benefits" and "[c]alculation of benefits" as examples of ministerial services that do not make a party a fiduciary, because such a person "does not have discretionary authority or discretionary control respecting management of the plan"). Plaintiff's cited authority does not warrant a different result.

Again relying almost exclusively on *Law v. Ernst & Young*, 956 F.2d 364, 372-74 (1st Cir. 1992), Plaintiff asserts that Pitney Bowes (presumably referring to its Disability Department) became a *de facto* Plan administrator because it failed to maintain a distinction between itself and the Committee. *Law* involved a statutory claim for ERISA Section 502(c) civil penalties where the employer assumed responsibility for disseminating plan information, making it facially distinguishable. *Id.* at 372-74; *see also* ERISA § 104(d), 29 U.S.C. 1104(d) (providing that employer is entity with default responsibility for dissemination of plan documents). Further, in *Law* the designated plan administrator had not delegated the responsibility for disseminating plan information to the company's employee who took responsibility to provide the plan information. *Id.* at 374 n.12. However, here the Committee, as the designated Plan Administrator, has specifically delegated to the Disability Department "the day-to-day, on-going administrative responsibilities of the Plan." Plan at 7.1, 7.6. Finally, as Judge Martin recognized, "the imperative that Plaintiff not be left without a remedy, which appears to have been a determinative factor in *Law*, is absent here." Report at 16; *Law*, 956 F.2d at 373.

Plaintiff's effort to undermine the application of ERISA's functional fiduciary definition in favor of more formalistic determinations based on whether a plan administrator creates its own letterhead or whether corporate counsel maintains a practice to involve itself when outside counsel presents formal inquiries is unavailing. Applying the terms of the Plan and pursuant to the Committee's delegation of day-to-day administration, the Disability Department sought recoupment of the Plan's overpayment to Plaintiff. It took no discretionary acts, and therefore, Pitney Bowes should be dismissed with prejudice as a defendant in Counts I and VIII of the Complaint (Counts I and II of the Amended Complaint).

## III. CONCLUSION

For the above reasons, Pitney Bowes respectfully requests the Court enter judgment in favor of Defendant's motion to dismiss on Counts I and VIII with prejudice, therefore precluding Plaintiff's assertion of Counts I and II of the Amended Complaint against Pitney Bowes.

Dated: January 13, 2005

By: [signature]

Thomas J. McAndrew (#1001)
Thomas J. McAndrew & Associates
One Turks Head Place, Suite 205
Providence, RI 02903
Tel: (410) 455-0350

Nicole A. Diller (*admitted pro hac vice*)
Andrew C. Sullivan (*admitted pro hac vice*)
Morgan, Lewis & Bockius LLP
One Market, Spear Street Tower
San Francisco, CA 94105
Tel: (415) 442-1000
Attorneys for Defendant Pitney Bowes Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on the 13th day of January, 2006, I caused the foregoing

**DEFENDANT PITNEY BOWES INC.'S REPLY TO PLAINTIFF'S OBJECTION TO MAGISTRATE JUDGE DAVID L. MARTIN'S REPORT AND RECOMMENDATION**

to be mailed to:

Noelle K. Clapham
Attorney at Law
24 Salt Pond Road, Suite A-8
South Kingstown, RI 02879

Robin A. Fournier

1-SF/7326472.2